## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:03CR111** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **LAURA BANDA SANTOS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court for initial review of the defendant's "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C.§ 2255" (§ 2255 motion) (Filing No. 105), and defendant's "Application for Appointment of Counsel" (Filing No. 107).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Defendant pleaded guilty to Count I of the Information charging her with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. The court sentenced defendant to sixty months in the custody of the Bureau of Prisons followed by five years supervised release. Defendant did not file a direct appeal.

The claims raised in the defendant's § 2255 motion are barred by the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  As amended by the AEDPA,  28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Absent a later triggering date under subsections (2)-(4) above, the one-year period for filing a §2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.  Because neither party filed a direct appeal, the defendant's judgment and conviction became final on or about January 17, 2004 when the time for filing a notice of appeal expired.  One year later the statute of limitations expired on or about January 17, 2005.  The defendant did not file his § 2255 motion until September 14, 2005, well after the expiration of the statute of limitations.

2

The defendant concedes that her § 2255 motion was not filed in a timely manner but argues that the petition was filed in excess of the statutory period due to her inability to read, write, and speak English and her lack of understanding of the U.S. criminal system.   Equitable tolling of the statute of limitations is proper when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, despite petitioner's due diligence. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 836 (8 th Cir. 2002). See Paige v. United States, 171 F.3d 559, 561 (8th Cir.1999).  Equitable tolling " 'must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.' " Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir.  2003) (citation omitted), cert. denied, 540 U.S. 971 (2003).  The Eighth Circuit, however, has held that a petitioner's inability to speak English alone does not constitute extraordinary circumstances justifying equitable tolling.  Mendoza v. Minnesota, 100 Fed. Appx. 587, 588 (8th Cir. 2004); see also Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (rejecting equitable tolling where petitioner alleged lack of proficiency in English but had submitted court filings in readable English), cert. denied, 538 U.S. 984 (2003). Therefore, it appears that equitable tolling is not appropriate in this case and defendant's motion is untimely.

IT IS ORDERED:

1.  The defendant's "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (Filing No. 105) is denied.

3

2.  Defendant's "Application for Appointment of Counsel" (Filing No. 107) is denied as moot.

3.   A separate Judgment will be issued.

4.   The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at her last known address.

DATED this 22nd day of December, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge